David F. Gomez (006790)
Michael J. Petitti, Jr. (011667)
**GOMEZ & PETITTI, P.C.**
2525 East Camelback Road, Suite 860
Phoenix, Arizona 85016
(602) 957-8686
Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| Lynn Zubal,<br><br>    Plaintiff,<br><br>v.<br><br>Kokopelli Dreams, LLC; Wilcox Indian Arts, Inc.; Joe Wilcox Indian Den, Inc.; and C.J. Martin,<br><br>    Defendants. | Case No.<br><br>**COMPLAINT** |

Plaintiff Lynn Zubal ("Plaintiff") for her causes of action against Defendants alleges:

## GENERAL ALLEGATIONS

### (Parties and Jurisdiction)

1. Plaintiff is a resident of Yavapai County, State of Arizona, and has been at all relevant times.

1

2. Defendant Kokopelli Dreams, LLC ("Defendant Kokopelli") is an Arizona corporation authorized to and doing business in Arizona.

3. Defendant Wilcox Indian Arts, Inc., dba Indian Den ("Defendant Wilcox") is an Arizona corporation authorized to and doing business in Arizona.

4. Defendant Joe Wilcox Indian Den, Inc. ("Defendant Indian Den") is an Arizona corporation authorized to and doing business in Arizona.

5. Defendant C.J. Martin is a resident of Yavapai County, State of Arizona, and has been at all relevant times.

6. Plaintiff worked for Defendants Kokopelli, Wilcox and Indian Den. She received paychecks from Defendants Wilcox and Kokopelli.

7. The following factual contentions will likely have evidentiary support after a reasonable opportunity for discovery: Defendants Wilcox, Kokopelli and Indian Den are owned and controlled by certain individuals, and are operated in an integrated fashion as a single enterprise or, in the alternative, their business operations are so intermingled that the separate identities of the operations and Defendants has ceased to exist.

8. Defendants have committed acts and caused events to occur in the State of Arizona, which are the foundation of this action and out of which this action arises.

9. This Court has jurisdiction over this action pursuant to The Civil Rights Act of 1964 (Title VII), as amended and modified, 42 U.S.C. §§ 2000e et seq., and has

supplemental jurisdiction with respect to Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

10. Based on 28 U.S.C. § 1391 and Title VII, venue is proper because the acts detailed in this Complaint occurred within the State of Arizona.

### (Nature of Action)

11. This is an action brought by Plaintiff to vindicate violations of Title VII and Arizona common law.

### (Jury Demand)

12. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff demands a jury trial.

### FACTS COMMON TO ALL CLAIMS FOR RELIEF

13. Plaintiff was employed by Defendants from approximately September 2002 until her discharge on April 1, 2010.

14. Plaintiff individually contributed through her work performance to the successful operations of Defendants and at all times performed with high distinction and loyalty.

15. During her employment, Plaintiff experienced outrageous treatment by a co-worker, Defendant C.J. Martin, and others employed by Defendants, including management and owners.

16. Beginning in approximately 2007, Defendant Martin routinely harassed and disparaged Plaintiff. His conduct was beyond the bounds of human decency. For

3

example, he spit on Plaintiff. He physically and sexually assaulted her. On several occasions, he grabbed Plaintiff in the workplace and slid his hands up her shirt and down her pants. Plaintiff yelled "no" and asked him to stop. Defendant Martin's conduct was severe and pervasive.

17. Plaintiff informed her supervisors of Defendant Martin's conduct, but they did nothing. In fact, Defendants' supervisors witnessed this conduct on several occasions, yet took no action to prevent it.

18. Plaintiff was also referred to as a "slut" and "bitch" by other co-workers.

19. Defendants did not have a policy that prohibited sexual harassment.

20. Defendant Martin's conduct continued. His conduct was so disturbing that Plaintiff was afraid to go home because he knew where she lived. Plaintiff also filed a report with the Sedona Police Department regarding Defendant Martin's conduct. Plaintiff again informed Defendants about the outrageous conduct. Defendants' supervisors either ignored her or told her that "[she] asked for it."

21. Merely weeks before her discharge, Plaintiff again informed her supervisor about Defendant Martin's discriminatory and outrageous conduct.

22. On approximately April 1, 2010, Defendants discharged Plaintiff. Defendants' manager told Plaintiff it was because they "did not like [her]."

23. In discharging Plaintiff, Defendants willfully, knowingly and intentionally discriminated against Plaintiff in retaliation for her disclosing and opposing its discrimination. Defendants' stated reasons for its actions were false and pretexual.

4

24.     Plaintiff timely filed a charge of gender and retaliation discrimination with the EEOC.  Pursuant to a work sharing agreement between the EEOC and the Attorney General's Office, Arizona Civil Rights Division (ACRD), the charge was deemed filed with the ACRD.

25.     Plaintiff is damaged by the wrongful acts of Defendants and their agents herein alleged, which damage includes, without limitation, the following:

    A.     Lost salary and benefits from Plaintiff's termination until she obtains employment at that rate of compensation;

    B.     Injury to Plaintiff's long-term employment and career possibilities and income potential flowing from Defendants' wrongful conduct; and

    C.     Injury from humiliation, trauma, extreme stress, depression and physical and mental pain and anguish.

26.     The willful and wanton misconduct on the part of Defendants is such that it justifies an award of punitive damages.

27.     All allegations of this Complaint are incorporated into each claim for relief in this Complaint.

**FIRST CLAIM FOR RELIEF**

**(Federal Gender Discrimination (Harassment) Against Defendants Kokopelli, Wilcox and Indian Den)**

28.     The acts, policies and practices of Defendants as alleged herein violate Title VII's gender discrimination provisions.

5

29.     Plaintiff timely filed a charge of gender discrimination.  The EEOC issued its notice of right to sue.  (A copy of the notice is attached and incorporated as Exhibit 1.)

30.     Plaintiff is damaged by Defendants' violations of Title VII as hereinabove alleged or as proven at trial.

**SECOND CLAIM FOR RELIEF**

**(Federal Retaliation Discrimination Against Defendants Kokopelli, Wilcox and Indian Den)**

31.     The acts, policies and practices of Defendants as alleged herein violate Title VII's retaliation discrimination provisions.

32.     Plaintiff timely filed a charge of retaliation discrimination.  The EEOC issued its notice of right to sue. (Exhibit 1.)

33.     Plaintiff is damaged by Defendants' violations of Title VII as hereinabove alleged or as proven at trial.

**THIRD CLAIM FOR RELIEF**

**(State Gender Discrimination (Harassment) Against Defendants Kokopelli, Wilcox and Indian Den)**

34.     The acts, policies and practices of Defendants as alleged herein violate the Arizona Civil Rights Act's (ACRA) gender discrimination provisions.

35.     Plaintiff timely filed a charge of gender discrimination.  The ACRD issued its notice of right to sue. (A copy of the notice is attached and incorporated as Exhibit 2.)

36. Plaintiff is damaged by Defendants' violations of the ACRA as hereinabove alleged or as proven at trial.

### FOURTH CLAIM FOR RELIEF

**(State Retaliation Discrimination Against Defendants Kokopelli, Wilcox and Indian Den)**

37. The acts, policies and practices of Defendants as alleged herein violate the ACRD's retaliation discrimination provisions.

38. Plaintiff timely filed a charge of retaliation discrimination. The ACRD issued its notice of right to sue. (Exhibit 2.)

39. Plaintiff is damaged by Defendants' violations of the ACRA as herein above alleged or as proven at trial.

### FIFTH CLAIM FOR RELIEF

**(Intentional Infliction of Emotional Distress Against All Defendants)**

40. Defendants intentionally, recklessly and with malice, engaged in extreme and outrageous conduct, intending to cause or acting in reckless disregard of the probability of causing severe emotional distress. The acts of Defendants as alleged above were unprivileged.

41. The willful and wanton misconduct on the part of Defendants demonstrates a callous disregard for Plaintiff's rights.

42. Defendants' willful and wanton misconduct is such as to justify an award of punitive damages.

43. As a direct result of the willful and wanton misconduct of Defendants, Plaintiff has suffered and continues to suffer humiliation, trauma, extreme stress, depression and physical and mental pain and anguish, all to her damage.

44. Plaintiff is injured by Defendants' actions as hereinabove alleged or as proven at trial.

## SIXTH CLAIM FOR RELIEF

**(Intentional Interference With Employment Relationship Against Defendant Martin)**

45. Defendant Martin knew that Plaintiff was employed by Defendants and that she had an employment relationship with Defendants.

46. Defendant Martin intentionally and improperly interfered, by unlawful and improper means and methods, with the employment relationship between Plaintiff and Defendants and caused Plaintiff to be terminated.

47. But for the improper actions of Defendant Martin, Plaintiff would not have been discharged.

48. The willful and wanton misconduct on the part of Defendant Martin demonstrates a callous disregard of Plaintiff's rights.

49. The willful and wanton misconduct on the part of Defendant Martin is such that it justifies an award of punitive damages.

50. Plaintiff is damaged by the actions of Defendant Martin as hereinabove alleged or as proven at trial.

**WHEREFORE**, Plaintiff requests judgment in her favor and against Defendants, and each of them, as follows:

A. For all injunctive and declaratory relief necessary, including a declaration that Defendants' conduct violated Title VII and the ACRA and enjoining Defendants from conduct violating Plaintiff's rights;

B. For actual, consequential and incidental damages as alleged herein or as proven at trial;

C. For punitive damages;

D. For attorneys' fees and costs incurred in this matter pursuant to Title VII, the ACRA and any other applicable statute, rule or regulation; and

G. For such other and further relief as the Court deems just and proper.

Dated this 24th day of November 2010.

**GOMEZ & PETITTI, P.C.**

By: s/Michael J. Petitti, Jr.
David F. Gomez, Esq.
Michael J. Petitti, Jr., Esq.
2525 E. Camelback Road, Suite 860
Phoenix, Arizona 85016
Attorneys for Plaintiff